UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James G. Hugunin, an individual; ) | |
| Land O' Lakes Outdoors, Inc. ) | |
| and Land O' Lakes Tackle Co., Inc., ) | Case No. 1:11-cv-09098 |
| Illinois corporations, ) | Honorable Joan B. Gottschall |
| ) | |
| Plaintiffs and Counter-Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| Land O' Lakes, Inc., ) | |
| a Minnesota corporation, ) | |
| ) | |
| Defendant and Counter-Plaintiff. ) | |

**PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION IN LIMINE #1: TO EXCLUDE EVIDENCE OF FAME AFTER THE DATE OF PLAINTIFFS'/COUNTER-DEFENDANTS' FIRST USE**

Plaintiffs/Counter-Defendants James G. Hugunin, Land O' Lakes Outdoors, Inc., and Land O' Lakes Tackle Co., Inc. (collectively "Hugunin") move this Court to enter an Order *in limine* to preclude Defendant/Counter-Plaintiff Land O'Lakes, Inc. ("Land O'Lakes") from introducing evidence or making any argument at trial that its LAND O LAKES trademark is "famous" after the relevant date at issue namely, August 25, 1997, which is first time Hugunin used the LAND O LAKES trademark in commerce. Any evidence referencing the fame of Land O'Lakes trademark after August 25, 1997 is an irrelevant distraction that unfairly prejudices Hugunin. Fed. R. Evid. 402-03. For the reasons more fully described below, Hugunin seeks to exclude the following exhibits: Plaintiff's Trial Ex. Nos. 23-26, 35, and 38.

1

## I. RELEVANT BACKGROUND

Hugunin made his first commercial sale of tackle on August 25, 1997, under the name Land O' Lakes Tackle Company. Hugunin then applied to federally register the LAND O LAKES trademark on August 9, 1999, (Serial No. 75/771,889). The United States Patent and Trademark Office cited no registrations as a bar and issued Hugunin a Federal Trademark Registration dated June 6, 2000 (Reg. No. 2,355,268) for the LAND O LAKES trademark for use in connection with fishing tackle.

To prevail on its dilution claim, Land O'Lakes must show that its mark was famous before Hugunin's first use. Land O'Lakes plans to offer evidence at trial showing the fame of its mark after Hugunin's first use. As more fully discussed below, such evidence should be excluded because it is not probative of fame before Hugunin's first use.

In accordance with Judge Gottschall's Case Management Packet at III(F)(1), the parties have met and conferred in an attempt to resolve this dispute prior to filing this motion *in limine*.

## II. ARGUMENT

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Conversely, irrelevant evidence is not admissible. Fed. R. Evid. 402. A court may exclude evidence if its probative value is outweighed by the danger of prejudice, of confusing the jury, or causing undue delay. Fed. R. Evid. 403. District court judges have broad discretion in ruling on pre-trial motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

### A. Fame of the LAND O LAKES trademark after August 25, 1997 is Irrelevant to the Dilution Inquiry.

The threshold question in Land O'Lakes federal dilution claim is whether its LAND O LAKES mark is "famous." *See, e.g., Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356 (Fed. Cir. 2012). To prove a violation of the Federal Trademark Dilution Act ("FTDA"), as substantially amended by the Trademark Dilution Revision Act of 2006 ("TRDA"), Land O'Lakes must show that (1) its LAND O LAKES mark is famous; (2) Hugunin is making a commercial use of the mark in commerce; (3) **Hugunin's use began after the mark became famous**; and (4) Hugunin's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. 15 U.S.C. § 1125(c)(1); *see also Plumeus, Inc. v. INTERSOG LLC,* No. 13-c-2206, 2013 U.S. Dist. LEXIS 147368, at *4 (N.D. Ill. Oct. 11, 2013) (citing *Coach Servs., Inc.*, 668 F.3d at 1372; *Kraft Foods Holdings, Inc. v. Helm*, 205 F. Supp. 2d 942, 946 (N.D. Ill. 2002).

The judicial consensus is that 'famous' is a rigorous standard. *Everest Capital, Ltd. v. Everest Funds Mgmt. LLC*, 393 F.3d 755, 763 (8th Cir. 2005). The Federal Circuit recently applied the principle that fame of a senior user's mark must predate use by a junior user for a dilution claim to succeed. In *Coach Servs.*, construing the principle in the context of a Trademark Trial and Appeal Board proceeding, the court agreed that evidence of fame after the junior entity began using the mark was insufficient to establish fame, and stated, "the owner of the allegedly famous mark must show that its mark became famous 'prior to the filing date of the trademark application or registration against which it intends to'" object. *Coach Servs.*, 668 F.3d at 1373, 1375 (quoting *Toro Co.*, 61 U.S.P.Q.2d at 1174) (which clarifies that "in the case of an intent-to-use application, an owner of an allegedly famous mark must establish that its mark had become famous prior to the filing date of the trademark application" whereas "[i]n a use-based

3

application under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), the party alleging fame **must show that the mark had become famous prior to the applicant's use of the mark**") (emphasis added).

Accordingly, only evidence of fame prior to Hugunin's first use of the LAND O LAKES trademark is relevant to determining the threshold issue of whether Land O'Lakes' trademark was famous. The fame of the LAND O LAKES trademark after the date of the Hugunin's first commercial use, on August 25, 1997, is irrelevant. There is no evidentiary value related to the Defendant's use and fame thereafter, namely: Plaintiff's Tr. Ex. Nos. 23-26 (Land O'Lakes, Inc. Annual Reports for 2012, 2011, 2004, and 1998); Plaintiff's Tr. Ex. No. 35 ("The Butter is the Best at Land O' Lakes," from Burckhardt, A.L., A Cook's Tour of Minnesota, Minnesota Historical Society Press, 2004); and Plaintiff's Tr. Ex. No. 38 (Ipsos ASI Report, "Corporate Dairy Equity*Builder Study," Fall 2006).

### B. Referring to the fame of the LAND O LAKES trademark after August 25, 1997 Would be Prejudicial and Waste Time.

Alternatively, the Court should preclude Land O'Lakes from introducing evidence after August 25, 1997, at trial because such evidence would waste time and unfairly prejudice Hugunin under Fed. R. Evid. 403. Any probative value related to the fame of the mark after the Hugunin's first commercial use is substantially outweighed by the danger of prejudice and potential confusion that such arguments and evidence would pose.

The only function this evidence would serve is to improperly bolster Land O'Lakes trademark rights and distract this court from the relevant issue: the fame, if any, of the mark at the time of Hugunin's first use: August 25, 1997. This prejudice outweighs whatever miniscule probative value the evidence may have.

Lastly, introducing evidence and argument concerning fame of the mark after that date would make the trial in this case more complex, time-consuming, and lengthy than it otherwise will be.

### III.  CONCLUSION

For the foregoing reasons, Hugunin respectfully requests that Land O'Lakes be precluded from introducing evidence or argument regarding fame of the LAND O LAKES trademark after August 25, 1997.

Respectfully submitted,

Dated: January 12, 2015         By:   s/Mark V.B. Partridge
                                Mark V.B. Partridge
                                PARTRIDGE & GARCIA P.C.
                                321 N. Clark Street, Suite 720
                                Chicago, IL  60654
                                Phone:  312-634-9500
                                Fax No: 312-275-7503
                                E-mail:  mark@partridgegarcia.com

                                *Attorney for the Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2015, a true and correct copy of the foregoing **PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION IN LIMINE #1: TO EXCLUDE EVIDENCE OF FAME AFTER THE DATE OF PLAINTIFFS'/COUNTER-DEFENDANTS' FIRST USE** was filed with the Clerk of Court which electronically notifies all CM/ECF participants of this filing:

>James R. Steffen
>Mary A. Walker
>Colby A. Kingsbury
>James J. Saul
>FAEGRE BAKER DANIELS LLP
>311 S. Wacker Drive, Suite 4400
>Chicago, Illinois 60606-6622

                    _____/s/DanielLRogna_____
                         Daniel L. Rogna