UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James G. Hugunin, an individual; ) <br> Land O' Lakes Outdoors, Inc. ) <br> and Land O' Lakes Tackle Co., Inc., ) <br> Illinois corporations, ) <br> ) <br> Plaintiffs and Counter-Defendants, ) <br> ) <br> v. ) <br> ) <br> Land O' Lakes, Inc., ) <br> a Minnesota corporation, ) <br> ) <br> Defendant and Counter-Plaintiff. ) | Case No. 1:11-cv-09098 <br> Honorable Joan B. Gottschall |

**PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION IN LIMINE #2: TO EXCLUDE EVIDENCE OF "NICHE FAME" OF DEFENDANT'S/COUNTER-PLAINTIFF'S MARK**

Plaintiffs/Counter-Defendants James G. Hugunin, Land O' Lakes Outdoors, Inc., and Land O' Lakes Tackle Co., Inc. (collectively "Hugunin") move this Court to enter an Order *in limine* to preclude Defendant/Counter-Plaintiff Land O'Lakes, Inc. ("Land O'Lakes") from introducing evidence or making any argument at trial that its LAND O LAKES trademark is "famous" where such evidence is based on a niche market rather than the general consuming public of the United States as required by the Lanham Act, 15 U.S.C. § 1125(c). Any reference to the fame of the trademark in a niche market is an irrelevant distraction and would unfairly prejudice Hugunin. Fed. R. Evid. 402-03. For the reasons more fully stated below, Hugunin seeks to exclude the following exhibit: Plaintiff's Trial Ex. No. 37.

**I.     RELEVANT BACKGROUND**

Land O'Lakes intends to offer at trail a 1996 report titled "Butter Attitude and Usage Study," prepared by a third party researcher. Pl. Trial Ex. No. 37. The study was intended to

"[t]o determine current consumers attitudes toward and usages of real butter and margarine/spreads" among (i) real butter users and (ii) margarine/spread users. *Id.* at LAND000007-09. The study was conducted by telephone interviews among a nationwide sample of real butter and margarine/spread users between May 23 and June 7, 1996. *Id.* at LAND000011. As more fully explained below, this study should be excluded because it was limited to a market segment (butter and margarine users) and is not probative of brand awareness of the general public.

In accordance with Judge Gottschall's Case Management Packet at III(F)(1), the parties have met and conferred in attempt to resolve this dispute prior to filing this motion *in limine*.

## II. ARGUMENT

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Conversely, irrelevant evidence is not admissible. Fed. R. Evid. 402. A court may exclude evidence if its probative value is outweighed by the danger of prejudice, of confusing the jury, or causing undue delay. Fed. R. Evid. 403. District court judges have broad discretion in ruling on pre-trial motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

### A. Niche Fame of the LAND O LAKES Trademark is Irrelevant to the Dilution Inquiry.

To prove a violation of the Federal Trademark Dilution Act ("FTDA"), as substantially amended by the Trademark Dilution Revision Act of 2006 ("TRDA"), Land O'Lakes must show that **its LAND O LAKES mark is famous**. 15 U.S.C. § 1125(c)(1); *Plumeus, Inc. v. INTERSOG LLC*, No. 13-c-2206, 2013 U.S. Dist. LEXIS 147368, at *4 (N.D. Ill. Oct. 11, 2013) (A dilution claim may only be brought by the owner of a famous mark that is distinctive); *see also Coach*

2

*Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1372 (Fed. Cir. 2012) ("A threshold question in a federal dilution claim is whether the mark at issue is 'famous.'").

The Lanham Act explicitly states "a mark is famous if it is widely recognized by the **general consuming public of the United States** as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A) (emphasis added); *see Plumeus, Inc. v. INTERSOG LLC,* No. 13-c-2206, 2013 U.S. Dist. LEXIS 147368, at *5 (N.D. Ill. Oct. 11, 2013); *see also Coach Servs.*, 668 F.3d at 1372; *Thane Intern., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002) ("[F]or purposes of § 1125(c), a mark usually will achieve broad-based fame only if a large portion of the general consuming public recognizes that mark"). In other words, the FTDA extends dilution protection only to those trademarks that are firmly established as a "household name." *See Thane Intern.*, 305 F.3d at 911; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd*., No. 11-CV-01846, 2012 U.S. Dist. LEXIS 90889, 2012 WL 2571719, at *7 (N.D. Cal. 2012) (explaining that "fame requires a high standard of consumer awareness beyond the trademark owner's specific market — the mark should be a 'household name' or 'part of the collective national consciousness.'" (citations omitted)); *Bd. of Regents Univ. of Tex. Sys. v. KST Elec., Ltd*., 550 F. Supp. 2d 657, 679 (W.D. Tex. 2008) (explaining that trademark dilution claims are restricted to "those few truly famous marks like Budweiser beer, Camel cigarettes, Barbie Dolls and the like").

Further, under the amended federal dilution statute, **"niche fame" — that is, fame limited to a particular channel of commerce, segment of industry, demographic, or geographic region — is insufficient as a matter of law to maintain a dilution claim**. *See Coach Servs.,* 668 F.3d at 1372 (Fed. Cir. 2012) (clarifying that by using "general consuming public" as the benchmark, the TDRA eliminated the possibility of "niche fame" as sufficient to

3

maintain a dilution claim); *Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*, 841 F. Supp. 2d 753, 758 (S.D.N.Y. 2012) (same).

Therefore, the alleged awareness of LAND O LAKES brand among real butter and margarine/spread users, without more, is irrelevant to the dilution claim because that is the very definition of a niche market. *See, e.g., Idylwilde, Inc. v. Umpqua Feather Merchants, LLC,* No. 3:13-CV-02009, 2014 U.S. Dist. LEXIS 5681, 2014 WL 199201, at *11 (D. Or. Jan. 16, 2014) (explaining that "the proper market to consider is the general public, not just purchasers of fishing flies"); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, No. 12 CIV. 8205, 2013 U.S. Dist. LEXIS 107552, 2013 WL 3943267, at *10 (S.D.N.Y. July 31, 2013) (rejecting plaintiff's argument that its marks are famous because they "have an extremely high degree of recognition among consumers of luxury jewelry," since "[t]his is the very definition of the type of 'niche' fame that is insufficient to support a finding of fame for TDRA purposes" (internal citations and quotation marks omitted)); *Luv N' Care*, 841 F. Supp. 2d at 757-59 (dismissing trademark dilution claim because plaintiffs had "not alleged facts indicating that the cups', bottles', pacifiers', teething keys', and food containers' trademarks are recognized beyond a niche market, i.e., the baby product market").

Other courts addressing this issue have held that limited studies are insufficient to prove fame for the purposes of dilution. *See Maker's Mark Distillery v. Diageo N. Am., Inc.*, 703 F. Supp. 2d 671, 699 (W.D. Ky. 2010), *aff'd on other grounds*, 679 F.3d 410 (6th Cir. 2012) ("[N]one of Maker's Mark's studies focused on fame among the general consuming public-rather they all viewed fame from a niche market perspective. As discussed above, niche fame is not sufficient."). In *Maker's Mark*, the court found that a study measuring brand awareness among whisky drinkers and distilled spirit drinkers only showed "niche fame." *Id.* at 691, 699.

4

Similarly, Land O'Lakes 1996 survey evidence is limited to real butter and margarine/spread users, showing at most "niche fame," and therefore is insufficient to prove fame among the general consuming public.

Further, the proposed Plaintiff's Tr. Ex. No. 37 is incomplete as it includes only some pages of the 1996 survey report and Land O'Lakes has not made available any of the underlying data from which the report derives its conclusions. The 1996 survey report, as presented in Plaintiff's Tr. Ex. No. 37 is of dubious probative value.

Accordingly, the anticipated introduction of Land O'Lakes' 1996 survey report (Pl. Tr. Ex. No. 37) is irrelevant to whether its LAND O LAKES trademark was famous among the general consuming public of the United States rending Hugunin's use dilutive of Land O'Lakes rights.

### B. Referring to the Niche Fame of the LAND O LAKES Trademark Would be Prejudicial and Waste Time.

Alternatively, this Court should preclude Land O'Lakes from introducing evidence that does not relate to the general consuming public of the United States at trial because such evidence would waste time and unfairly prejudice Plaintiffs, and thus should be excluded under FRE 403. Even if there is some probative value related to the niche fame of the mark, it is substantially outweighed by the danger of prejudice and likely confusion that such arguments and evidence would pose.

Introducing this type of evidence and argument will unfairly prejudice Hugunin as the only function this evidence would serve is to improperly bolster Land O'Lakes trademark rights and distract this court from the relevant issue: the fame, if any, of the mark to the general consuming public of the United States. This prejudice outweighs whatever miniscule probative value the evidence may have.

Moreover, introducing evidence and argument concerning niche fame of the mark would make the trial in this case more complex, time-consuming, and lengthy than it otherwise will be.

### III. CONCLUSION

For the foregoing reasons, Hugunin respectfully request that Land O'Lakes be precluded from introducing evidence or argument regarding niche fame of the LAND O LAKES trademark.

Respectfully submitted,

Dated: January 12, 2015       By:   s/Mark V.B. Partridge
                                    Mark V.B. Partridge
                                    PARTRIDGE & GARCIA P.C.
                                    321 N. Clark Street, Suite 720
                                    Chicago, IL  60654
                                    Phone:  312-634-9500
                                    Fax No: 312-275-7503
                                    E-mail:  mark@partridgegarcia.com

                                    *Attorney for the Plaintiffs/Counter-Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2015, a true and correct copy of the foregoing **PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION IN LIMINE #2: TO EXCLUDE EVIDENCE OF "NICHE FAME" OF DEFENDANT'S/COUNTER-PLAINTIFF'S MARK** was filed with the Clerk of Court which electronically notifies all CM/ECF participants of this filing:

>James R. Steffen
>Mary A. Walker
>Colby A. Kingsbury
>James J. Saul
>FAEGRE BAKER DANIELS LLP
>311 S. Wacker Drive, Suite 4400
>Chicago, Illinois 60606-6622

                                                                /s/DanielLRogna
                                                               Daniel L. Rogna